**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| DANIEL HETZEL AND EDNA HETZEL, § § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> AMERICAN BANKERS INSURANCE § <br> COMPANY OF FLORIDA, § <br> Defendant. § | CIVIL ACTION NO. _____ |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs, DANIEL HETZEL AND EDNA HETZEL ("Hetzel" or "Plaintiffs") by and through their attorneys, Merlin Law Group, P.A., brings this complaint against American Bankers Insurance Company of Florida (collectively referenced herein as "American Bankers" or "Defendant") for breach of the flood insurance contract issued by American Bankers pursuant to the National Flood Insurance Program ("NFIP"). Plaintiffs allege the following upon information and belief:

**PARTIES**

1.   Plaintiffs, Daniel Hetzel and Edna Hetzel, are individuals who reside and are domiciled in Texas in this judicial district. Plaintiffs' property, located at the address below, (the "Property") was insured by American Bankers against flood damages:

| Daniel Hetzel and Edna Hetzel | 5820 Woodway Drive | Beaumont | TX | 77707 | Policy No. #AB00004436 |
|---|---|---|---|---|---|

1

2. As a subsidiary of the parent organization Assurant, American Bankers Insurance Group, Inc. is doing business in Texas with its principal place of business located in Miami, Florida. American Bankers is a "Write Your Own" ("WYO") insurance company participating in the National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act ("NFIA" or "the Act"), as amended 42 U.S.C. § 4001. Pursuant to 44 C.F.R. Section 62.23(d) and (i)(6), American Bankers was and is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Plaintiffs' flood insurance policy ("Policy").

### JURISDICTION

3. This action arises as a result of Defendant's denial and/or underpayment Plaintiffs' flood insurance claim governed by the flood insurance Policy that Defendant issued to Plaintiffs in its capacity as a WYO company under the National Flood Insurance Act ("NFIA" or "the Act"), federal regulations and common law, and the flood insurance Policy. The Policy covered losses to Plaintiffs' property ("Property") and personal property ("Contents") located in this judicial district.

4. Federal courts have exclusive jurisdiction pursuant to 42 U.S.C. § 4072 over all disputed claims under an NFIP Policy issued pursuant to the Act, without regard to the amount in controversy, or whether brought against the government or a WYO company.

5. This Court has original, exclusive jurisdiction to hear this action pursuant 42 U.S.C. § 4072 because the insured Property is located in this judicial district.

6. This Court also has original jurisdiction pursuant to 28 U.S.C. § 1331 because this action requires the application of federal statutes and regulations and involves substantial questions of federal law.

## VENUE

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 4072 because it is where Plaintiff's Property is located and where a substantial part of the events at issue took place.

## FACTUAL ALLEGATIONS

8. Plaintiffs, Daniel Hetzel and Edna Hetzel, have owned and lived in their home at 5820 Woodway Drive, Beaumont, in Jefferson County, Texas for many years. The Hetzel's single-story home was well maintained and nicely furnished.

9. Defendant American Bankers ("Defendant" or "American Bankers") sold and issued a Standard Flood Insurance Policy to Plaintiffs covering Plaintiffs' home for up to $250,000.00 and their personal property ("Contents") for up to $100,000.00 in coverage.

10. On or about August 27, 2017, Hurricane Harvey (the "Storm") made landfall in Texas, causing widespread devastation and severely damaging homes and businesses throughout the Texas Gulf Coast area, from Corpus Christi all the way up and along the coast reaching Beaumont, Texas. Hurricane Harvey caused unprecedented levels of rainfall, which led to severe flooding that overwhelmed the Beaumont community. Plaintiffs Daniel Hetzel and Edna Hetzel's home and contents were destroyed by flood waters.

11. On or about August 27, 2017, Plaintiffs' Property was inundated by contaminated black flood waters, which flowed throughout the exterior & interior of their home and remained for days ultimately causing severe damage to their Property and Contents. The flood waters severely damaged and/or destroyed Plaintiffs' flooring, walls, insulation, sheetrock, framing, doors, cabinets, exterior, and fixtures throughout the home, and their valued Contents, including but not limited to furniture, chairs, kitchen appliances and utensils, and closets full of clothes, shoes,

towels and bed sheets were lost.

12. All property, both personal property and real property, that suffered a direct-physical loss and was damaged by the contaminated flood waters must be fully repaired and/or replaced to a pre-flood condition.

13. Plaintiffs submitted a claim to their flood insurer, American Bankers, for flood damage to their Property and Contents. Plaintiffs duly performed and fully complied with all conditions of the Policy. American Bankers retained Pilot Flood Management ("Pilot") as the adjusting company to handle the adjustment of Plaintiffs' claim, and Todd McDonnell ("McDonnell") as the adjuster entrusted to accurately adjust Plaintiff's claim and properly assess the flood damages. On or about September 8, 2017, McDonnell inspected the Property and observed the extensive flood damage throughout Plaintiffs' Property and to their Contents. However, McDonnell failed to apply and incorporate local Beaumont prices for the damage repairs. Further, McDonnell's estimate grossly undervalued flood damaged items, and failed to include an adequate scope, as well as sufficient damage repair/replacement amounts. American Bankers' assigned and retained personnel failed to accurately estimate the cost to repair and/or replace the flood damages to Plaintiffs' Property and Contents.

14. Further, American Bankers retained Keystone Experts and Engineers ("Keystone") to evaluate and report on the structural and foundation damages caused by the flood at Plaintiffs Property. It was Keystone's job to determine if the foundation and/or cracks in the brick veneer, and structural damages otherwise were due to the Harvey flood event. Keystone conducted a sub-standard and outcome-oriented investigation of Plaintiffs' Property, and erroneously concluded that the cracks in the foundation, drywall, and brick veneer, were the result of differential settlement and not the result of hydraulic forces associated with Harvey. Keystone purportedly

assigned a licensed engineer to inspect and evaluate Plaintiffs' Property. However, it is largely unclear who from Keystone actually inspected Plaintiffs' Property, if the inspector was in fact a licensed engineer, and what conclusions were reached by the inspecting person(s).

15. Nonetheless, American Bankers relied on Keystone's insufficient evaluation and/or report, and denied portions of Plaintiffs' claim and damage based upon the same.

16. Ultimately, rather than recommending a proper and sufficient payment under the terms of the Policy, FEMA, and the law otherwise, American Bankers and its personnel severely undervalued, underestimated, and underpaid Plaintiffs' flood claim.

17. American Bankers failed to properly ensure that their assigned and retained personnel, were adequately trained in evaluating and scoping flood damages. American Bankers failed to sufficiently oversee Pilot's, McDonnell's, Keystone's and Keystone's personnell's work and adjustment of the claim. This is evident in light of the fact that American Bankers reviewed the photographs showing the severity of flood, and nonetheless approved McDonnell's subpar estimate, knowing that it failed to adequately scope and value the damages.

18. American Bankers is ultimately responsible for the adjustment and assessment of Plaintiffs' flood claim. American Bankers accepted and adopted McDonnell's and Keystone's inadequate assessment of Plaintiffs' flood damage claim even though it omitted extensive covered items and undervalued those that were included.

19. Further, American Bankers failed to exercise any oversight of Plaintiffs' claim. American Bankers failed to review the work of its assigned adjuster, as is evident by American Bankers' carte blanche approval of the deficient estimate without its own detailed investigation of same. Ultimately, American Bankers and its retained personnel chose not to comply with the provisions and requirements of the Policy and NFIP's/FEMA's policies, rules, regulations, and guidelines,

which resulted in Plaintiffs' being severely underpaid on their flood claim and damages.

20. Plaintiffs disagreed with American Bankers assessment and undervaluation of the damages to their Property and Contents. Specifically, Plaintiffs objected to American Bankers estimate and payment for reasons including: that American Bankers estimate and payment did not include or detail the full scope of covered flood damages and necessary repairs; American Bankers failed to adequately pay for the Contents damages; damages and items were undervalued, omitted, or missing from American Bankers' estimate; and American Bankers adopted Pilot's/McDonnell's estimate and Keystone's report, both of which were incomplete, and under-valued and under scoped Plaintiffs' damages.

21. As such, Plaintiffs made several attempts to obtain a proper assessment and evaluation of their claim and flood damages, Plaintiffs submitted to American Bankers their sworn proof of loss with documents and photographs in support of the claim, damages, and amounts owed by American Bankers under the Policy.

22. None of that additional information has been addressed or accounted for by American Bankers in the form of any significant additional payments to Plaintiffs. Rather, American Bankers has continued to ignore Plaintiffs. American Bankers denied Plaintiffs' Proof of Loss amount alleging that the damages represented in the proof of loss had not been substantiated despite the fact that Plaintiffs had provided receipts, photographs showing the condition of the Property, and an additional detailed supplement estimate for necessary and required damage repairs to the Property.

23. Thereafter, Plaintiffs received a letter from American Bankers stating that Plaintiffs' sworn proof of loss was denied.

24. Plaintiffs suffered losses a direct physical loss by and from the flood waters fiercely

penetrating and destroying their Property and Contents, and they have incurred and/or will incur significant expenses to repair and replace their flood-damaged Property and Contents.

### Defendant American Bankers' Duties & Obligations

25. As stated above, the Federal Emergency Management Agency ("FEMA") and/or the National Flood Insurance Program ("NFIP") (collectively referred to as "FEMA/NFIP") enter into arrangements (the "Arrangement") with private insurance companies, also known as Write Your Own (WYO) Companies such as Defendant American Bankers to administer FEMA/NFIP flood insurance policies and adjust and pay claims accordingly as required. *See* Exhibit A, pp. 3—4. Art. II.F.

*26.* As part of the WYO Companies Arrangement with the FEMA/NFIP, the WYO Companies, like American Bankers agree to adjust claims in accordance with their company claims handling standards and practices, as well as "with written standards, procedures, and guidance issued by FEMA or FIA relating to the NFIP and applicable Company." *Id.*, p. 4, Art. G.1; *see also*, 44 C.F.R. Section 62.23(i). Further, the WYO Company's claims department should verify "the correctness of the coverage interpretations and reasonableness of the payments recommended by the adjusters" by using its own "normal catastrophe claims procedures…[as] implemented in the event of a claim catastrophe situation." *Id.*

27. The WYO Companies and their agents get reimbursed from federal Treasury funds upon presentment of a simple invoice for services related to their handling of a flood insurance claim. Homeowners and businessowners throughout our country, like Plaintiffs here, who are already victims of catastrophic weather events like Hurricane Harvey, are taken advantage of and become victims a second time under this flood insurance scheme. These victims have limited recourse, if any at all. Here, the Plaintiffs took significant steps in an attempt to receive adequate compensation

for their flood damages from their flood insurance carrier American Bankers. Despite the Plaintiffs' attempts to be made whole, American Bankers, its adjuster and personnel, failed to follow the policies, procedures, rules, and guidelines necessary when evaluating a flood insurance claim like Plaintiffs. American Bankers' failure to fully comply with the well-established standards, extensive rules, regulations, and laws that govern it, resulted in an improper handling of the Plaintiffs' claim and insufficient payment on their valid flood claim.

28. As part of its Arrangement with the FEMA/NFIP, American Bankers sold and issued to Plaintiffs a Standard Flood Insurance Policy (the "Policy") to insure their Property and Contents located at the address shown above against physical damage by or from a flood event. There is no question as to the Policy being in full force and effect on the date of the incident referred to herein. There is also no question that Plaintiffs paid all insurance premiums when due and complied with all conditions precedent.

29. American Bankers unjustifiably failed and/or refused to perform its obligations under the Policy and wrongfully, unfairly underpaid or limited the payment on Plaintiffs' claim. American Bankers has unfairly and improperly persisted in improperly underpaying the claim despite being provided with extensive evidence as to the actual amount of damages incurred, and the necessary repair and replacement amounts.

## CLAIM FOR RELIEF
## BREACH OF CONTRACT

30. Plaintiffs repeat, reiterate and re-allege each and every allegation set forth in the paragraphs above as if fully set forth herein.

31. Plaintiffs the Hetzels and American Bankers entered into a contract when Plaintiffs purchased, and Defendant American Bankers issued the flood insurance Policy.

32. The Policy, at all times relevant and material to this case, provided flood insurance

coverage to Plaintiffs for, among other things, direct physical damage caused by flood to Plaintiffs' Property and Contents located at the address ascribed above.

33. Plaintiffs fully performed under the contract by paying all premiums when due and cooperating with American Bankers regarding Plaintiffs' claim. Plaintiffs complied with all conditions precedent to Plaintiffs' recovery herein, including appropriate and adequate demands, or American Bankers waived or excused such conditions precedent.

34. American Bankers failed to perform and materially breached the insurance contract when: (1) American Bankers' estimate and payment did not include or detail the full scope of covered flood damages and necessary repairs; (2) American Bankers failed to follow and implement the proper procedures, rules, laws, regulations, and guidelines in its assessment and valuation of Plaintiffs' flood damage; and (3) American Bankers undervalued Plaintiffs' damages, omitted payment for covered damages, and thereby underpaid Plaintiffs' claim by the amount it owed Plaintiffs for flood damages to their Property and Contents.

35. Plaintiffs reserve the right to seek leave of the Court to amend this Complaint at such time as it may ascertain other acts and omissions actionable as breaches of the duty of good faith and fair dealing.

36. By virtue of its various breaches of contract, including its failure to fully reimburse Plaintiffs for the covered losses, American Bankers is liable to and owes Plaintiffs for the actual damages Plaintiffs sustained as a foreseeable and direct result of the breach, all costs associated with recovering, repairing and/or replacing the covered property, together with all other damages Plaintiffs may prove as allowed by law.

## **CONDITIONS PRECEDENT**

Plaintiffs have satisfied all conditions precedent for bringing this action.

## PRAYER

WHEREFORE, Plaintiffs, the Hetzels, respectfully requests American Bankers to answer herein and that the Court enter judgment in Plaintiffs' favor for such amount of damages as Plaintiffs may prove at trial as provided by law and have other and further relief, legal and/or equitable, the Court may deem just and proper.

Respectfully Submitted,

**MERLIN LAW GROUP, P.A.**

*/s/ Rene M. Sigman*
***Rene M. Sigman, Esq.**
State Bar No. 24037492
**Emily B. Marlowe, Esq.**
State Bar No. 24076206
515 Post Oak Blvd. Suite 510
Houston, Texas 77027
Telephone: (713) 626-8880
Facsimile: (713) 626-8881
RMSdocket@merlinlawgroup.com

**ATTORNEYS FOR PLAINTIFFS**